IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1545-04





BRIAN DOUGLAS MARTIN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


POLK COUNTY





 Johnson, J., delivered the opinion of the Court, joined by Keller, P.J., and
Price, Womack, Keasler, Hervey, Holcomb, and Cochran, JJ. Meyers, J., not
participating.


O P I N I O N



 A jury convicted appellant of sexual assault and sentenced him to twelve years'
imprisonment. The court of appeals affirmed his conviction and sentence. Martin v. State, 144
S.W.3d 29 (Tex. App. - Beaumont 2004). We granted appellant's petition for discretionary review.

 The indictment alleged that appellant had sexually assaulted the complainant by compelling
her to submit or participate by the use of physical force or violence and by threatening to use force
or violence against her, and that she believed that he had the present ability to execute that threat. 
The complainant testified that she had become acquainted with appellant at a private club and that
he had told her that he was a deputy in the Polk County Sheriff's Department. She also testified that,
at his request, she met him several days later at the mobile-home park where he worked, and that he
took her into an unoccupied mobile home at the park and forced her to have sexual intercourse with
him.

 Appellant testified and acknowledged that he first met the complainant at the club and agreed
that she had come to his place of employment, the mobile-home lot, at his invitation. He also
admitted that he had falsely told the complainant at the club that he was a deputy sheriff because that
was a "good way to pick up women." Appellant also admitted that they had walked around the lot
and gone into a trailer together, but he disputed that he had assaulted her and testified that their
sexual intercourse was consensual. Appellant suggested that a reason for the complainant to claim
that their sexual encounter was non-consensual was "[p]robably because of the fact [he] got married"
five days later.

 After appellant rested his defense, the state called a rebuttal witness. Appellant had
successfully objected to the state's proffer of that witness's testimony during the state's case in chief. 
After appellant testified, the state again called the witness, and appellant again objected. The trial
court overruled appellant's renewed objection, and the woman testified in rebuttal. She stated that:
several months prior to the incident in this case, she had become acquainted with appellant through
a "date line" sponsored by a local radio station; she had talked with appellant over the telephone and
he told her that he was a detective with the Liberty County Sheriff's Department; and that appellant
later met her at her apartment and sexually assaulted her there.

 On appeal, appellant, in a single point of error, complained that the trial court erred during
the guilt phase by admitting, over defense objection, the rebuttal witness's testimony about an
extraneous offense; the evidence was irrelevant, inadmissible under Tex. R. Evid. 404(b), and, even
if relevant, the probative value of the extraneous offense was substantially outweighed by its unfair
prejudice and the evidence was therefore inadmissible pursuant to Tex. R. Evid. 403.

 The court of appeals held that evidence of the extraneous sexual assault became relevant after
appellant raised the defense that the complainant consented to the sexual intercourse because "it
logically served to make 'less probable' the defensive evidence that [the complainant] was a willing
participant in the sexual act to which she testified." Martin, supra at 33. It also held that the
evidence was admissible "for a purpose other than to show [appellant]'s character as a sexual
predator" and "its probative value in rebutting [appellant]'s defensive theory of consent was not
substantially outweighed by danger of unfair prejudice[.]" Id.

 We granted both of appellant's questions for review. Those questions are:

 I. Does the "doctrine of chances" or Tex.R.Evid. 404(b) (or both) allow the state to
offer an unadjudicated extraneous "date rape" of a person other than the complainant
in a "date rape" sexual assault trial to rebut the defense of consent and establish the
element of criminal intent, when the evidence presents nothing more than a
"swearing match" between the defendant and the adult complainant on the issue of
consent?


 II. Whatever rule applies, in this particular kind of sexual case is the state allowed to
bypass the rule 404(b) principle that excludes evidence whose only logical relevance
derives from its propensity nature, on the ground that it is relevant for a "permissible
purpose"?


 Appellant asserts that, while criminal character is a fact, character conformity is an inference
and that the court of appeals failed to make the distinction and therefore permitted the prosecution
to use character conformity as an inference to rebut his defense. He also argues that the court of
appeals put the Rule 403 cart before the Rule 404(b) horse in failing to separate the unfair prejudice
that arises from a character-conformity inference from the prejudice that may accompany proof of
criminal character but is nevertheless admissible to establish a fact of consequence. He adds that the
rebuttal evidence was not relevant apart from the impermissible inference of character conformity
and its admission is therefore barred by Rule 404(b). Appellant also argues that, for this character-
conformity evidence to be admissible, the state was required to show not only that the extraneous
offense was probative of a "permissible purpose," but also that it had "permissible relevance," i.e.
that it tended to prove the permissible factor by some means other than its character-conformity
value.

 The state asserts that the extraneous sexual-assault evidence presented on rebuttal was
admissible and that there was no error in allowing it into evidence. It also argues that, by admitting
that the sexual encounter took place but denying the use of force, appellant put his criminal intent
into controversy, thus the evidence of the prior sexual assault makes appellant's claim of lack of
intent less probable. It further argues that the extraneous offense was not intended to bolster the
complainant's credibility, but to rebut the defensive theories of consent and lack of intent.

 Tex. R. Evid. 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible
to prove the character of a person in order to show action in conformity therewith." Johnston v. State,
145 S.W.3d 215, 219 (Tex. Crim. App. 2004). Tex. R. Evid. 403 provides that even relevant
evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury . . .." "'Relevant evidence' means evidence
having any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence." Tex. R. Evid.
401. However, Rule 404(b) also provides that extraneous offense evidence may "be admissible for
other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity,
or absence of mistake or accident[.]" Johnston, supra at 219, quoting Rule 404(b). This list is
illustrative, rather than exhaustive, and extraneous-offense evidence may be admissible when a
defendant raises a defensive issue that negates one of the elements of the offense. Id. Thus, a party
may introduce evidence of other crimes, wrongs, or acts if such evidence logically serves to make
more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental
fact, or defensive evidence that undermines an elemental fact. Montgomery v. State, 810 S.W.2d 372,
387 (Tex. Crim. App. 1991)(opinion on rehearing). "Whether extraneous offense evidence has
relevance apart from character conformity, as required by Rule 404(b), is a question for the trial
court." Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). 

 In this case, lack of consent is an element of the alleged offense and was hotly disputed. (1) 
The extraneous-offense evidence in this case was admitted only after appellant testified that his
sexual intercourse with the complainant was consensual. The indictment in this case alleged that
appellant had caused the penetration of the complainant's female sexual organ by his male sexual
organ without the complainant's consent by compelling her to submit or participate by the use of
physical force or violence and by threatening to use force or violence against the complainant, and
that the complainant believed that appellant had the present ability to execute that threat. Thus,
consent was one of the elements of the offense, and appellant's testimony raised a defensive issue
as to that element.

 "The standard of review for a trial court's ruling under the Rules of Evidence is abuse of
discretion." Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). "If the ruling was
correct on any theory of law applicable to the case, in light of what was before the trial court at the
time the ruling was made, then we must uphold the judgment." Id. Extraneous-offense evidence is
admissible under both Rules 404(b) and 403 if that evidence satisfies a two-prong test: whether the
extraneous offense evidence is relevant to a fact of consequence in the case apart from its tendency
to prove conduct in conformity with character; and whether the probative value of the evidence is
not substantially outweighed by unfair prejudice. Johnston, supra at 220. Appellate courts will
uphold a trial court's ruling on the admissibility of evidence "as long as the trial court's ruling was
at least within the zone of reasonable disagreement . . .." Montgomery, supra at 391.

 Appellant also questions the applicability of the "doctrine of chances," the principle that
evidence of the repetition of similar unusual events over time demonstrate a decreasing probability
that those unusual events occurred by chance. He asserts that, unless the extraneous offense and the
charged offense both involve some fact contested at trial or a shared fact that clearly demonstrates
the defendant's initial criminal intent, i.e. that he intended from the beginning to commit sexual
assault without consent, the extraneous offense should not pass the Rule 404(b) threshold.

 In cases decided before the adoption of the Rules of Evidence, we described the doctrine of
chances as 

the instinctive recognition of that logical process which eliminates the element of
innocent intent by multiplying instances of the same result until it is perceived that
this element cannot explain them all. . . . that an unusual and abnormal element might
perhaps be present in one instance, but that the oftener similar instances occur with
similar results, the less likely is the abnormal element likely to be the true
explanation of them.

Plante v. State, 692 S.W.2d 487, 491-92 (Tex. Crim. App. 1985)(quoting 2 John H. Wigmore,
Evidence, § 302 (Chadbourn rev. ed. 1979)). See also Robinson v. State, 701 S.W.2d 895, 898
(Tex. Crim. App. 1985).

 In another pre-Rules case, we said, "Before an extraneous offense is admissible to negate the
possibility of accident under Wigmore's doctrine of chances, such offense must be sufficiently
similar in nature to the charged offense that the inference of improbability of accident logically
comes into play." Morgan v. State, 692 S.W.2d 877, 881 (Tex. Crim. App. 1985), citing
Imwinkelried, Uncharged Misconduct Evidence, §§ 5:05, 5:10 (1984). Judge Cochran recently
discussed the doctrine of chances and commented that such evidence may be admissible for a non-character purpose to prove the elements of an offense. Robbins v. State, 88 S.W.3d 256, 267-69
(Tex. Crim. App. 2002)(Cochran, J., concurring). 

 In Owens v. State, 827 S.W.2d 911, 915 (Tex. Crim. App. 1992), we pointed out that
"[e]vidence of a defendant's particular modus operandi is a recognized exception to the general rule
precluding extraneous offense evidence, if the modus operandi evidence tends to prove a material
fact at issue, other than propensity." In the context of extraneous offenses, modus operandi refers
to "a defendant's distinctive and idiosyncratic manner of committing criminal acts." Id. at 914. The
similarities between the charged offense and the extraneous offense in that case were not so unusual
or idiosyncratic as to signal conclusively that they were the handiwork of the same person. Id. at 915-16. Both offenses were sexual assaults committed against minor females of approximately the same
age, both of whom were Owens' daughters, but "no evidence was revealed at trial concerning any
particularized details or unique qualities of the two acts other than these general similarities." Id. at
915. We also noted several important dissimilarities, including that the charged assaults on one
daughter allegedly continued for approximately two years and included acts of intercourse, while the
charged assault on the other daughter alleged a single incident of improper touching and penetration
with Owens' finger. Id. 

 In the instant case, appellant admitted that he falsely claimed to be a law enforcement officer
as a ruse to "pick up" both the complainant and the extraneous-offense witness, and both women
testified that they agreed to meet appellant in a residential area, that the meeting was the first face-to-face meeting after initial contact, and that they were sexually assaulted by appellant in a residence. 
We conclude that the facts of the instant case, unlike those in Owens, show a modus operandi
sufficiently distinctive to qualify as an exception to the general rule precluding the admission of
extraneous-offense evidence. (2)

 Turning to appellant's specific questions for review, whether articulated under Rule 404(b)
standards or the doctrine of chances, we conclude that under the facts and circumstances of this case 
 the trial court did not abuse its discretion in admitting the extraneous offense evidence and that the
admission of the evidence did not violate Rule 404(b). (3) We affirm the judgment of the court of
appeals.

 Johnson, J.


En banc

Delivered: October 5, 2005

Publish
1. To be convicted of sexual assault, the defendant must have engaged in the conduct without the
complainant's consent, and it is the complainant's lack of consent that is the essence of the offense of sexual assault.
See Rubio v. State, 607 S.W.2d 498, 501 (Tex. Crim. App. 1980). "When the defensive theory of consent is raised, a
defendant necessarily disputes his intent to do the act without the consent of [the complainant]. His intent is thereby
placed in issue." Id.
2. We also note that consent was not an issue in Owens because at the time of the alleged sexual offense the
complainant was only 11 years old, too young to legally consent to the alleged sexual conduct. Owens, supra.
3. We observe that appellant did not mention Rule 403 in either of his questions for review, and we therefore
conclude that appellant does not seek review of a Rule 403 issue. We note that arguments in his petition and brief
discuss Rule 403, but the record reflects that, in his objections to the extraneous offense evidence at trial, both when
the offer of proof was made and when the trial court subsequently decided to admit the evidence before the jury,
appellant did not invoke Rule 403 or argue that the probative value was substantially outweighed by prejudice. The
objection was not made even after the trial court announced that it would allow the testimony and stated that it found
that the proffered testimony was relevant, would not outweigh the danger of unfair prejudice, and could be used to
show proof of motive, opportunity, intent, and preparation and planning and knowledge. In order to preserve such a
complaint for appellate review, it was incumbent upon appellant to ask the trial court to continue to exclude the
evidence by its authority under Rule 403. Montgomery, 810 S.W.2d at 389; and Tex. R. App. P. 33.1.